JOHNSON and another, Appellants, vs. SMITZ and another, Respondents.

*October 12—November 7, 1956.*

For the appellants there was a brief by *Cavanagh, Mittel-staed, Sheldon, Heide & Hartley* of Kenosha, for Plymoth C. Johnson, and by *Vaudreuil & Vaudreuil* of Kenosha, for Elizabeth Johnson, and oral argument by *Frederick D. Hartley.*

For the respondents there was a brief by *Hammond & Hammond* of Kenosha, and oral argument by *Willis R. Hammond*.

WINGERT, J.   Two questions are presented on this appeal.

(1) Plaintiffs complain that the trial court erred in excluding certain evidence offered by them in rebuttal. We find no error.

A few minutes after the accident, Deputy Sheriff Euting and another officer arrived on the scene and made the customary investigation. A little later Deputy Sheriff Schreck also arrived. At the trial, one Ellingson, a bystander at the place of the accident, testified that shortly after the accident he overheard plaintiff Plymoth Johnson tell Deputy Schreck that "When he came over the hill the traffic ahead of him stopped suddenly and when he tried to stop he lost control of the car." This testimony was admitted as an admission against interest, since it quoted Johnson as giving a different explanation of the accident than he gave in his own testimony, when he said that Smitz had swerved into the left-hand traffic lane and hit the Johnson car. Deputy Schreck died prior to the trial.

On rebuttal, plaintiffs offered to prove that before Deputy Schreck had arrived, Johnson made a statement to Deputy Euting, which Euting wrote down in his report as follows:

"Statement of (A) to Officer Euting. Going east on Highway 50 about 55 or 60 miles per hour. Two cars were ahead of me, when I started to pass the car in front of me, he pulled out when I sideswiped him and pulled to the left, put on my brakes, lost control on the gravel and struck the pump buttments."

The court rejected the proffered evidence on the ground that it was not proper rebuttal.

The significance of the excluded statement lies in the fact that it shows that Johnson told Deputy Euting that "When I

started to pass the car in front of me, he pulled out when I sideswiped him," which was consistent with Johnson's testimony at the trial that Smitz had swerved against him, whereas Ellingson had quoted Johnson as saying that when he came over the hill the traffic ahead of him stopped suddenly and when he tried to stop he lost control of the car, without saying anything about Smitz having swerved to the left out of his traffic lane.

The trial judge has wide discretion as to the scope of rebuttal and unless there is an abuse of such discretion in excluding testimony, the exclusion ordinarily will not be held reversible error. *Dixon v. Russell,* 156 Wis. 161, 167, 145 N. W. 761. We consider that the learned trial judge was well within the range of permissible discretion in excluding the evidence of plaintiff's statement to Officer Euting.

The excluded matter was hearsay, evidence of a self-serving statement, and hardly a part of the *res gestae* within the principles stated in *Pocquette v. Carpiaux,* 261 Wis. 340, 343, 52 N. W. (2d) 787. Its substance was already in evidence, both plaintiffs having testified that defendant swerved to their side of the road and hit their car. On that point the excluded statement was purely cumulative. At best it could be entitled to admission on rebuttal only to rebut Ellingson's testimony.

In essence, therefore, the question is whether evidence that a party told one story to one person may be rebutted as a matter of right by evidence that he told a different story to a different person in a separate conversation.

In the present circumstances, at least, we answer that question in the negative.

The record does not show any charge by the defendants that Johnson's testimony at the trial was a recent fabrication. The excluded evidence was not offered to rebut such a charge. Hence the authorities permitting a claim of recent fabrication to be rebutted by evidence of prior consistent statements are not applicable. See *Pocquette v. Carpiaux,* 261 Wis. 340, 344, 345, 52 N. W. (2d) 787.

The trial court's ruling finds strong support in *Pocquette v. Carpiaux, supra.* There plaintiff's testimony that he had stopped at an arterial was contradicted, and on rebuttal the court admitted testimony that at the hospital shortly after the accident plaintiff told the investigating policeman that he had stopped at the stop light. The reception of that evidence was held reversible error, the testimony falling within the rule excluding hearsay. (261 Wis. at p. 346.)

In the present case, admission of the proffered evidence was not required by the fact that the two statements were made only a few minutes apart, and that both Euting and Schreck were police officers investigating the same accident as a matter of official duty. It remained an effort to contradict testimony of what A said to B by showing what A said to C in a separate conversation. The argument that Johnson's statements to Euting and Schreck were part of a single statement which should have been admitted in its entirety must fail, since Euting was not present when Johnson talked to Schreck, and there is no evidence that Schreck was present when Euting took his statement from Johnson, or that either officer knew of the statement made to the other.

(2) Appellants criticize the trial court's instruction to the jury relative to the witness Ellingson's testimony of the statement which he heard Johnson make to Deputy Schreck. The court concluded the instruction on that subject with this sentence:

"However, admissions when clearly proven and established by unquestionable testimony are strong evidence against the party making them."

Appellants argue that this was prejudicial, as likely to lead the jury to give too much weight to Ellingson's testimony. Such a view takes the quoted sentence out of context. A reading of the entire instruction satisfies us that the court adequately cautioned the jury as to the fallibility of testimony of

oral admissions made a considerable time previously, and of the dangers of giving too much weight to such testimony.

Examination of the record fails to persuade us that either of the matters of which the appellants complain was prejudicial to them.

*By the Court.*—Judgment affirmed.